MILLS, Judge.
These cases are consolidated for disposition by us. Bates petitions us to issue a writ of mandamus to Slaughter, Clerk of the Circuit Court of Duval County, directing Slaughter to transfer a criminal case pending against Bates in Duval County to the Circuit Court of Hillsborough County. In addition, Bates suggests that we issue a writ of prohibition directed to Judge Shepard, a Circuit Judge of Duval County, prohibiting the Judge from proceeding further with the criminal action pending against Bates in Duval County.
In June 1976 Bates was charged with a crime in Hillsborough County. In December 1976 he was charged with a crime in Duval County. He is now being held by the authorities in Duval County. On the basis *765 of Section 910.035(1), Florida Statutes (1975), Bates moved to transfer the Duval County case to Hillsborough County for disposition on his guilty plea. The State approved of the transfer subject to approval of Judge Shepard. Judge Shepard agreed to sign an order of transfer subject to approval by the vice squad. The vice squad refused to approve. The judge permitted the State to withdraw its approval of the motion and refused to sign the order of transfer. The clerk refused to transfer the case file. This brought about the petition and suggestion with which we are concerned.
Section 910.035(1) provides:
“(1) INDICTMENT OR INFORMATION PENDING. — A defendant arrested or held in a county other than that in which an indictment or information is pending against him may state in writing that he wishes to plead guilty or nolo contendere, to waive trial in the county in which the indictment or information is pending, and to consent to disposition of the case in the county in which he was arrested or is held, subject to the approval of the prosecuting attorney of the court in which the indictment or information is pending. Upon receipt of the defendant’s statement and the written approval of the prosecuting attorney, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding, or certified copies thereof, to the clerk of the court of competent jurisdiction for the county in which the defendant is held, and the prosecution shall continue in that county upon the information or indictment originally filed. In the event a fine is imposed upon the defendant in that county, two-thirds thereof shall be returned to the county in which the indictment or information was originally filed.”
Bates contends that once the prerequisites of Section 910.035(1) are satisfied the Clerk must transfer the file to Hillsborough County and the Judge is prohibited from proceeding further in the case. Bates’ contention is without merit.
Firstly, the State’s approval of the transfer to Hillsborough County was based on the Judge’s approval and the Judge’s approval was based on the vice squad’s approval, neither of which occurred. Lastly, the information in question is pending against Bates in Duval County and he is being held in Duval County. We find no authority in Section 910.035(1) to transfer this case to Hillsborough County for disposition.
Accordingly, the rule is discharged and the petition for writ of mandamus is denied in Case No. EE-360, and the rule is discharged and the suggestion for writ of prohibition is denied in Case No. EE-402.
McCORD, J., concurs.
BOYER, C. J., dissents.